**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO CALDERA-SAUCEDO, | No. 09-73780 |
| Petitioner, | |
| v. | Agency No. A095-417-703 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2011[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Rodolfo Caldera-Saucedo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo questions of law, including claims of due process violations. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Caldera-Saucedo did not demonstrate "exceptional and extremely unusual hardship" to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Contrary to Caldera-Saucedo's contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004-06 (9th Cir. 2003).

Caldera-Saucedo's contention that the BIA failed to consider all the evidence is not supported by the record.

Caldera-Saucedo's equal protection contention regarding the rights of his United States citizen children is not colorable. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978).

Because the BIA reviewed de novo, we do not address Caldera-Saucedo's challenges to the IJ's decision. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (Where the BIA conducts a de novo review, "[a]ny error committed by the IJ

will be rendered harmless by the Board's application of the correct legal standard.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.